## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    PLAINTIFF,

v.                                          CASE NO.: CV-99-J-2409-NW

ROSE RENTAL, INC., and
GRAND CENTRAL STATION,

    DEFENDANTS.

FILED 00 FEB -9 PM 1:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED FEB 9 2000

### ORDER

On January 25, 2000, this court entered an Order stating that, due to the plaintiff's failure to obtain service of the summons and complaint as required under Rule 4(m), Fed.R.Civ.P., this case would be dismissed in seven days unless the plaintiff showed cause as to why it should not be so dismissed (doc. 2). On January 27, 2000, the plaintiff filed a response to the court's Order which states this case should not be dismissed because the plaintiff's complaint was "received" by defendants' attorney of record and registered agent on December 20, 1999 and December 21, 1999, respectively (doc. 3). However, the plaintiff failed to submit any proof of service or proof of waiver of service at that time. The court noted at that time that the copy of waiver of service of summons attached to the plaintiff's response was not signed by the defendant. The court therefore contacted the plaintiff and requested that the signed waiver of service of summons be filed with the Clerk's Office as proof of waiver of service. No such documentation has been filed.



On February 8, 2000, the plaintiff again filed a response to the court's Show Cause Order of January 25, 2000 (doc. 5), stating that the attorney for defendants was served on February 3, 2000 "as indicated by the U.S. Marshall's Process Receipt and Return form attached hereto." The plaintiff alleges that the defendants have now been properly served.

This court finds from an examination of the U.S. Marshall's Process Receipt and Return form attached to plaintiff's response that it is a copy of said form, improperly filled out, with the name of the individual served missing, no date of service shown and with an signature the U.S. Marshall's office does not recognize. Further, the U.S. Marshall's office has informed the court that no record of this request for service is in its log, nor did it ever receive said request from the Clerk's office. Further yet, the Clerk's office has no record of such request for service ever having been filed. No record of said request for service has been docketed in this case, nor does the same show as ever having been issued by the Clerk's office.

In consideration of the foregoing, this court finding that the plaintiff, at a minimum, has failed to show proof of service or proof of waiver of service within 120 days of filing its complaint and failed to show good cause for the same, and further finding that the case is therefore due to be dismissed;

It is **ORDERED** by this court that this case be and hereby is **DISMISSED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** this the _9_ day of February, 2000.

_____
UNITED STATES DISTRICT JUDGE
INGE P. JOHNSON